MICHAEL R. MARRINAN (SBN 90484)
Attorney at Law
Law Offices of Michael R. Marrinan
614 Fifth Avenue, Suite D
San Diego, CA 92101
Telephone: (619) 238-6900
Facsimile: (619) 515-0505
E-mail: mrmarrinan@aol.com

FILED
09 OCT 27 AM 11:39
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER MORGAN,<br>Plaintiff,<br>vs.<br>CITY OF SAN DIEGO,<br>JOHN DAVIS,<br>DEE HOUSE<br>and DOES 1-20,<br>Defendants. | Case No. '09 CV 2397 H NLS<br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br>1. 42 U.S.C. § 1983 – Civil Rights Violations<br>2. 42 U.S.C. § 1983 – Conspiracy<br>3. 42 U.S.C. § 1983 – Unlawful Policies, Customs, Habits<br>4. Negligence<br>5. False Arrest<br>6. Civil Code § 52.1 |

Plaintiff alleges:

**JURISDICTION**

1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. § 1983, et seq., and the First and Fourth Amendments to the United States Constitution, for personal injuries and violation of constitutional rights by defendant City of San Diego and its police officers John Davis, DOE 1, DOE 2 and DOE 3, as well as a non police officer/co-conspirator Dee House. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory and Constitutional provisions. State claims of negligence, false arrest and Civil Code section 52.1 civil rights violations are alleged as well. Plaintiff invokes the Court's supplemental jurisdiction to consider these state law



ORIGINAL

claims.

## GENERAL ALLEGATIONS

2. Plaintiff is and was at all material times mentioned herein a resident of the City of San Diego, State of California.

3. At all times mentioned herein defendants Davis and DOES 1 through 15 were employees of defendant CITY OF SAN DIEGO and in doing the acts hereinafter described acted within the course and scope of their employment.

4. The acts of all defendants and each of them, were done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. Defendant Davis and DOES 1 through 15 are sued individually and in their capacities as employees of the CITY OF SAN DIEGO.

5. Defendant CITY OF SAN DIEGO is a public entity existing under the laws of the State of California and is the employer of the defendants Davis and DOES 1-15.

6. Defendant Dee House is and at all material times mentioned herein was a resident of the City of San Diego, State of California.

7. The true names or capacities whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20 are unknown to Plaintiff, who therefore sues said defendants by said fictitious names. Plaintiff will amend this complaint to show said defendants' true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

8. Plaintiff is informed and believes and therefore alleges that at all times mentioned herein each of the defendants was the agent, servant and/or employee of each of the remaining defendants and were, in doing the acts herein alleged, acting within the course and scope of this agency and/or employment and with the permission, consent and authority of their co-defendants and each of them, and each is responsible in some manner for the occurrences hereinafter alleged; and that Plaintiff's injuries were proximately

caused by the actions of each.

9. On or about July 2, 2009, Plaintiff filed a claim with the City of San Diego for the injuries alleged herein. On or about August 25, 2009 the claim was denied.

## FACTUAL ALLEGATIONS

10. Plaintiff Christopher Morgan is a 46 year old, law abiding citizen and homeowner in the city of San Diego. He has no criminal record whatsoever.

11. On January 8, 2009 at approximately 8:00 a.m. Mr. Morgan was in his home in the city of San Diego when he and his girlfriend were awakened by the doorbell. Mr. Morgan quickly got dressed and went downstairs. He opened the door only approximately nine inches to avoid his dog getting out. Three men and one woman dressed in civilian clothes stood outside his door. Without identifying himself, one of the men (later determined to be defendant John Davis, a San Diego police officer) asked Mr. Morgan if the Jeep outside belonged to him. Mr. Morgan confirmed that it was his Jeep and asked if there was a problem. Defendant Davis asked if they could come in and speak with Mr. Morgan. Not knowing who these people were, Mr. Morgan said, "No, why can't you speak with me from out there?" Mr. Morgan was again asked if they could come in and he said, "No, I don't know who you are." Defendant Davis finally claimed that they were the police and they wanted to speak with him. Mr. Morgan asked if he was being investigated. Defendant Davis said, "Yes, we are here to arrest you."

12. Defendant Davis then put his foot past the doorway threshold and began to barge into Mr. Morgan's home, followed by his three colleagues. To this point none of these people had produced any type of identification. All four of these persons (later determined to be police officers) forced open the front door, entered Mr. Morgan's home and forcibly restrained him. They told Mr. Morgan he was under arrest and handcuffed him. At no time was Mr. Morgan shown an arrest warrant, search warrant or proper identification.

13. Defendant Davis and the female officer began accusing Mr. Morgan of being on drugs. By this time Mr. Morgan's girlfriend had come downstairs. The officers asked

her what drugs Mr. Morgan was taking. She informed them that he had not taken any drugs or medications. Mr. Morgan also told them that he had taken no drugs and asked why he was under arrest. After asking twice an officer finally told him he was being arrested for burglary. Mr. Morgan had no idea what they were talking about.

14. Mr. Morgan was taken to a police substation where defendant Davis asked him if he would be willing to answer some questions. Mr. Morgan said he would only do so if he had an attorney present. Mr. Morgan then realized that defendant Davis looked familiar to him. Mr. Morgan realized he had seen defendant Davis on several occasions at the home of his next door neighbor, defendant Dee House. A number of Mr. Morgan's neighbors had told him that defendant House had a detective friend who worked for the San Diego Police Department.

15. Mr. Morgan was transported to the county jail and booked on two false charges: residential burglary, a felony, and trespassing, a misdemeanor. Mr. Morgan was strip-searched, fingerprinted, checked for TB, had a sample of his DNA taken and otherwise subjected to the indignities of being incarcerated in the county jail on a serious felony charge. Bail was set in the amount of $55,250, the bulk of which was due to the felony burglary charge.

16. Defendant Davis and his colleagues arrested Mr. Morgan without a warrant or probable cause.

17. Defendant Davis and his colleagues forcibly entered and searched Mr. Morgan's home without an arrest warrant, a search warrant or consent. After this unlawful arrest defendant Davis apparently encouraged defendant Dee House to attempt to get a restraining order against Mr. Morgan. He also wrote a lengthy letter on Ms. House's behalf, signed a declaration for her in support of the restraining order and appeared at least twice at civil court proceedings for her without being subpoenaed and without payment to the city of the required fee for court appearances by police officers. None of these actions is typical for a police officer interacting with a member of the public who has reported a crime.

18. Defendant House did seek a restraining order and a full hearing was held. The Superior Court judge, after hearing all of the evidence of the alleged burglary and other false allegations, denied defendant House's request for a permanent restraining order. The judge said there was insufficient evidence that Mr. Morgan committed a burglary. In a subsequent hearing in the same case the judge went further, stating "I don't believe there was ever a burglary", (contrary to the claims of defendant House, which were false). The judge further stated, after being told by Ms. House's attorney that defendant Davis was in the courtroom (even though there was to be no witness testimony at this hearing), that Detective Davis was not a witness to the alleged burglary and the detective had not recovered any of the alleged stolen property. The judge made it clear that Detective Davis had not done sufficient investigation to prove that a burglary had even occurred, let alone that Mr. Morgan had committed the alleged crime.

19. Despite the fact that Mr. Morgan was arrested for a serious felony (residential burglary), the case was submitted only to the San Diego City Attorney's office, which prosecutes only misdemeanors. After reviewing the matter the City Attorney's office declined to prosecute. Months after his arrest Mr. Morgan was finally informed that he would not be prosecuted for these false charges – the City Attorney's office had rejected the case.

20. The true genesis of this false arrest was a complaint that Mr. Morgan filed with the city of San Diego's code compliance division. In that complaint Mr. Morgan indicated that he believed defendant House had hired an unlicensed contractor to perform significant construction on her home and had not obtained appropriate permits from the city to do so. This construction included digging into the land behind Ms. House's home and performing significant electrical work, both of which jeopardized Mr. Morgan's adjacent property.

21. Mr. Morgan's false arrest, for a crime alleged to have occurred months before, was in retaliation for Mr. Morgan's complaint, with the knowledge, intent and participation of both defendant House and defendant Davis. These acts were also for the

purpose of chilling Mr. Morgan's First Amendment rights, particularly his right to file legitimate complaints of code violations by defendant House. Defendants House and Davis conspired with one another with the specific intent to procure the false arrest of Mr. Morgan for a serious felony, residential burglary, which would cause him to be incarcerated in the county jail, endure the indignities of being booked into the jail on a serious felony, have to pay substantial bail in order to be released and have a felony arrest on his record. Plaintiff is informed and believes that defendant House falsely claimed that she had been burglarized and that Mr. Morgan had committed the burglary. Defendant Davis failed to properly investigate the alleged crime and whether Mr. Morgan had committed the alleged crime. Despite the absence of probable cause for Mr. Morgan's arrest, defendant Davis, at defendant House's urging, arrested Mr. Morgan for residential burglary, a serious felony.

22. Plaintiff is further informed and believes that defendant Davis obtained, or caused to be obtained, documents and photographs that Mr. Morgan had submitted to the city's code compliance division and provided them to defendant House, in direct contravention of city policy. The city of San Diego's code compliance division has the following policy: "It is the policy of the Neighborhood Code Compliance Department to request the source of the complaint. It is also the department's policy to keep the source of the complaint confidential." This policy is no doubt intended to prevent what occurred in this case – acts in retaliation for a legitimate complaint filed by a citizen. Plaintiff is informed and believes that defendant Davis acted in direct contravention of this policy and well beyond his authority as a police officer and employee of the city of San Diego, in furtherance of the conspiracy described above.

* * *

## FIRST CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violation – First and Fourth Amendment Violations Against Defendants Davis, House and DOES 1-3]

23. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 22 above as though fully set forth herein.

24. As a result of the acts alleged above, particularly the unlawful arrest described above, Plaintiff was falsely arrested and thus unlawfully seized by Defendant Davis and DOES 1-3, without a warrant or probable cause. Thus, Plaintiff suffered a false arrest and unlawful seizure in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution, for which defendants Davis, House (as a conspirator) and DOES 1-3 are liable. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

25. As a further result of the acts alleged above, particularly the act of being arrested in retaliation for a complaint that was lawful and protected by the First Amendment, Plaintiff suffered a violation of his rights to freedom of speech and to petition the Government as guaranteed by the First Amendment to the United States Constitution, for which defendants Davis and House (as a conspirator) are liable. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

26. As a further result of the acts alleged above and the act of unlawfully entering Plaintiff's home without a search warrant or other justification, Plaintiff suffered an unlawful search and seizure of his person and home, in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution, for which defendants Davis and DOES 1-3 are liable. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

27. In committing and witnessing the acts alleged above, defendants Davis and DOES 1-3 and each of them failed to prevent, stop and/or intervene in these unprovoked and unjustified acts of unlawful arrest, unlawful search and seizure and First Amendment

violations committed against Plaintiff, and failed to protect Plaintiff from these constitutional violations by the other officers, thereby violating Plaintiff's First and Fourth Amendment rights.

28. As a proximate result of the acts alleged above, Plaintiff suffered injuries and damages. Plaintiff suffered severe emotional distress from being falsely arrested in his home, in full view of his girlfriend and neighbors. Plaintiff also suffered severe emotional distress as a result of the unlawful entry and search of his home. Plaintiff also suffered severe emotional distress as a result of being booked, photographed, strip-searched and spending several hours in the county jail. Plaintiff suffered additional emotional distress worrying that he may be charged criminally despite the fact that he was absolutely innocent and had done nothing wrong. Plaintiff also incurred out of pocket expenses, including, but not limited to, bail fees and legal fees as a result of his false arrest and the other constitutional violations described above. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

29. In committing the acts alleged above, Defendants Davis, House and DOES 1-3 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations – Conspiracy,
Against Defendants Davis and House]

30. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 29 above as though fully set forth herein.

31. As a result of the acts alleged above, defendants Davis and House conspired with each other with the intent to violate Plaintiff's constitutional rights. Specifically, defendants Davis and House conspired with one another to procure the false arrest of Mr. Morgan for a serious felony, residential burglary, which would cause him to be incarcerated in the county jail, endure the indignities of being booked into the jail on a

serious felony and have to pay substantial bail in order to be released. Defendants Davis and House met together on several occasions prior to Mr. Morgan's arrest. In those meetings defendants House and Davis discussed the fact that defendant House had significant animosity toward Mr. Morgan (her next door neighbor) and desperately wanted to see him arrested and prosecuted for crimes, despite the fact that there was no evidence indicating that Mr. Morgan had committed any type of crime, let alone a burglary. Further, defendants House and Davis discussed the fact that Mr. Morgan had filed a complaint against House with the City's Code Compliance Division alleging that she was having work done on her home without obtaining the proper permits and that the person performing the work was not licensed as required. This complaint enraged defendants House and Davis and both sought to retaliate against Mr. Morgan by having him arrested for a serious felony (residential burglary) which they knew or should have known was false and was totally lacking in evidence sufficient to establish probable cause.

32. Plaintiff is informed and believes as follows: in furtherance of this conspiracy defendant House falsely claimed that she had been burglarized and that Mr. Morgan had done it. Also in furtherance of this conspiracy defendant Davis failed to adequately investigate this alleged crime to establish probable cause for Mr. Morgan's arrest. Also in furtherance of this conspiracy, defendant Davis unlawfully entered and searched Plaintiff's home as described above and unlawfully arrested Plaintiff (at defendant House's urging) as described above, all in violation of Plaintiff's First and Fourth Amendment rights as described in the Factual Allegations and paragraphs 24-28 of the First Cause of Action above.

33. As a result of these acts and the constitutional violations they caused as described above and in the Factual Allegations and the First Cause of Action herein, Plaintiff suffered the injuries and damages described in paragraph 28 above. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

34. In committing the acts alleged above, Defendants Davis and House acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**

[42 U.S.C. § 1983 Constitutional Violations via
Unlawful Policies, Customs or Habits – Against Defendant City Only]

35. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 34 above as though fully set forth herein.

36. On information and belief Plaintiff alleges that defendant CITY OF SAN DIEGO, through its police department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its police officers, including Defendant Davis, legally causing the constitutional deprivations, injuries and damages alleged in the First and Second Causes of Action. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

37. Further, on information and belief Plaintiff alleges that defendant CITY OF SAN DIEGO, through its police department, has an unlawful policy, custom or habit of permitting or condoning acts of false arrest and unlawful search and seizure by its police officers, including the individual defendants named herein. Defendant City has a further unlawful policy, custom and habit of inadequate training, supervision and disciplining of errant officers, including this defendant.

38. As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiff suffered the injuries alleged in paragraph 28 above and thus is entitled to general and compensatory damages in an amount to be proven at trial.

/ / /

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

[Negligence]

39. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 above as though fully set forth herein.

40. By the acts alleged above, defendants were negligent and breached their duty of due care owed to plaintiff, thereby causing the injuries and emotional distress described in the First and Second Causes of Action, and the damages described therein and in paragraph 28 above.

41. Further, defendant City was negligent in the hiring, training, retention and supervision of its officers, including Defendant Davis and the officers who entered Plaintiff's home, thereby causing the injuries and emotional distress described in the First and Second Causes of Action, and the damages described in paragraph 28 above. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

[False Arrest]

42. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 41 above as though fully set forth herein.

43. By the acts alleged herein, particularly the act of procuring the arrest of Plaintiff without a warrant or probable cause, Plaintiff was falsely arrested, entitling him to damages pursuant to California law.

44. As a result of these acts Plaintiff suffered the injuries and damages described in paragraph 28 above, entitling him to damages in an amount to be proven at trial.

45. In committing the acts alleged above, Defendants Davis and House acted maliciously and/or were guilty of a wanton and reckless disregard for the rights and feelings of plaintiffs, and by reason thereof plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

[Civil Code section 52.1 Civil Rights Violations]

46. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 45 above as though fully set forth herein.

47. The acts alleged above, particularly the acts of false arrest, arrest in retaliation for protected speech, unlawful search and seizure and violation of the right to freedom of speech violated the Fourth and First Amendments, respectively, as well as Plaintiff's similar rights guaranteed by the California Constitution. These acts were committed by threats, intimidation and/or coercion. Therefore, Plaintiff is entitled to damages pursuant to California Civil Code section 52.1(b).

48. By reason of the acts of defendants and each of them alleged above, Plaintiff suffered the injuries and damages alleged in paragraph 28 above. Plaintiff is therefore entitled to general and compensatory damages against defendants and each of them in an amount to be proven at trial.

49. In committing the acts alleged above, defendants Davis, House and DOES 1-3 acted maliciously and oppressively and by reason thereof Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages against Defendants Davis, House and DOES 1-3 only, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and

/ / /

/ / /

/ / /

4. For such other relief as the Court deems proper.

Dated: October 27, 2009

MICHAEL R. MARRINAN
Attorney for Plaintiff

Plaintiff hereby demands a jury trial in this action.

Dated: October 27, 2009

MICHAEL R. MARRINAN
Attorney for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 09 OCT 27 AM 11:39

**I. (a) PLAINTIFFS**
CHRISTOPHER MORGAN

**DEFENDANTS**
CITY OF SAN DIEGO, JOHN DAVIS, DEE HOUSE and DOES 1-20

(b) County of Residence of First Listed Plaintiff SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael R. Marrinan, Esq. 619-238-6900
614 Fifth Ave., Ste. D San Diego, CA 92101

Attorneys (If Known)
'09 CV 2397 H NLS

DEPUTY

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 U.S.C. Section 1983 Civil Rights Violations
Brief description of cause:
False arrest and unlawful search and seizure.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** Damages According to Proof
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 10/27/09
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 6682 AMOUNT 350.00 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

CR MS 10/27/09

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS006682
Cashier ID: msweaney
Transaction Date: 10/27/2009
Payer Name: MICHAEL MARRINAN ATTY AT LAW

---

CIVIL FILING FEE
For: MORGAN V CITY OF SAN DIEGO
Case/Party: D-CAS-3-09-CV-002397-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 2461
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

There will be a fee of $45.00
charged for any returned check.